IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:21-cr-00388-IM-1 |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| **DENNIS RAY PEDROTTI**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Kemp L. Strickland, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Dennis Ray Pedrotti, USM #73376-509, FCI Sheridan, P.O. Box 6000, 27072 Ballston Rd., Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Dennis Ray Pedrotti's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's Motion for Compassionate Release ("Mot."), ECF 42. Defendant argues that he has received inadequate medical care at Federal Correctional Institution Sheridan ("FCI Sheridan"), which amounts to "extraordinary and compelling circumstances" that require a reduction in his sentence. *Id.* at 1–3. Defendant also argues that he

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

"is an elderly, blind individual that poses no threat to the community," so his release would comport with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 4. The Government opposes the Motion. Response to Defendant's Motion for Compassionate Release ("USA Resp."), ECF 43. It argues that, while Defendant may have established extraordinary and compelling circumstances, a sentence reduction would nonetheless be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a), *id.* at 4–7, and policy statements issued by the United States Sentencing Commission, *id.* at 7–9.

For the reasons explained below, this Court agrees with the Government and DENIES Defendant's Motion for Compassionate Release, ECF 42. However, this Court is concerned by Defendant's allegations that he has been placed on various medications with no monitoring and that he lacks access to a doctor capable of responding to his medical needs. The Government is ORDERED to contact the Bureau of Prisons to investigate Defendant's allegations and determine whether Defendant has requested and been denied medical care. *See* Mot., ECF 42, Attach. C (request for administrative remedy dated August 5, 2023, which notes Defendant's "significant heart issues" and blindness). The Government has fourteen days from the issuance of this Opinion and Order to file a status report with this Court.

## BACKGROUND

In August 2022, Defendant pled guilty to one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A). Plea Agreement, ECF 32 ¶ 2; Mins. of Proceedings, ECF 31. On November 14, 2022, Judge Anna Brown sentenced Defendant to 120 months of imprisonment, followed by five years of supervised release. Judgment & Commitment, ECF 39. Less than a year later, on October 27, 2023, Defendant moved to reduce his sentence. Mot., ECF 42. The case was reassigned to this

PAGE 2 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Court on October 30, 2023. ECF 41. Defendant is currently incarcerated at FCI Sheridan, with a

projected release date of March 2, 2030. USA Resp., ECF 43 at 3.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*,

975 F.3d 989, 992–93 (9th Cir. 2020). To receive compassionate release, Defendant must show

that (1) he has fully exhausted all administrative remedies; (2) he has extraordinary and

compelling circumstances; (3) his release is consistent with the sentencing factors under 18

U.S.C. § 3553(a); and (4) the reduction is consistent with applicable policy statements issued by

the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1] The Government does not dispute that

Defendant has exhausted his administrative remedies, and it appears that the Government

assumes Defendant has shown extraordinary and compelling circumstances. USA Resp., ECF 43

at 4. The Government argues that, despite Defendant's satisfaction of those requirements, he fails

to satisfy the remaining elements and is not entitled to compassionate release. *Id.*

Because the Government does not contest exhaustion of remedies or address

extraordinary and compelling circumstances, this Court assumes for the purposes of this

determination that Defendant has exhausted his remedies and presented such circumstances.

However, Defendant is unable to meet his burden as to the remaining requirements, and this

Court denies Defendant's Motion for Compassionate Release on those grounds. *See United*

---

[1] In November 2023, the Sentencing Commission enacted amended guidelines, including an update to the relevant guidelines section which makes it the "applicable policy statement" for all 18 U.S.C. § 3582(c)(1)(A) motions. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index (effective Nov. 1, 2023) (available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf). Although the amendments were not in effect when Defendant filed his Motion for Compassionate Release, this Court's decision incorporates the enacted changes.

*States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.").

## A.  The 18 U.S.C. § 3553(a) Sentencing Factors

This Court first addresses whether a reduction in Defendant's sentence would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).[2] Defendant argues that his release "poses no risk to the community he will return to" because he "is an elderly, blind individual." Mot., ECF 42 at 4.

The Government responds that the nature and circumstances of Defendant's instant offense justify denying his motion. USA Resp., ECF 43 at 5. After Multnomah County Sheriff's Office deputies "determined that the [D]efendant was distributing methamphetamine," they arrested him and seized a loaded .22 caliber handgun, 844.44 grams of methamphetamine, 181.73 grams of heroin, 100 oxycontin pills, and about $3,400 in cash. Amended Presentence Investigation Report ("Am. PSR"), ECF 38 ¶ 16. At Defendant's apartment, deputies located several kilograms of methamphetamine, more than 100 grams of heroin, and three other handguns, one of which was reported stolen. *Id.* ¶¶ 15–16, 18–20. In addition to these facts, the

---

[2] Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

Government alleges that Defendant attempted to flee the country after learning of his federal indictment. *See* USA Resp., ECF 43 at 6, 8; *see also* USA Sentencing Memorandum, ECF 35 at 1, 3; USA Motion to Vacate Release Order, ECF 24 at 3–4.

Defendant also contests the Government's characterization that he "is serving a sentence for 'being a heavily armed drug dealer,'" because neither "these charges, nor the Defendant's criminal history[,] includes a weapons conviction." Defendant's Reply ("Def.'s Reply"), ECF 44 at 2. While the underlying conviction did not include a firearm offense, and Judge Brown did not apply a firearm enhancement when determining Defendant's sentencing guidelines range, *see* Statement of Reasons, ECF 40 at 1, the plea agreement and uncontested PSR both provide that Defendant possessed four firearms, one of which was reported stolen, as part of this offense. Am. PSR, ECF 38 ¶¶ 16, 18; Plea Agreement, ECF 32 ¶ 18. This Court finds it appropriate to consider those uncontested facts in determining whether a reduction in Defendant's sentence comports with the 3553(a) factors.

In addition to the nature of the underlying offense, the Government argues that Defendant's criminal history also requires denial of his motion. USA Resp., ECF 43 at 5–7. In the 1980s, Defendant was convicted of, among other offenses, driving under the influence, resisting arrest, and assaulting a public safety officer. Am. PSR, ECF 38 ¶¶ 38, 41. In the 1990s, his convictions included driving under the influence and seven separate instances of possession of a controlled substance. *Id.* ¶¶ 42, 43, 45–50. In the 2000s, Defendant's convictions included attempted robbery, assault, driving under the influence, and five instances of possession of a controlled substance. *Id.* ¶¶ 54–59. In the 2010s, his convictions included theft, identity theft, delivery of methamphetamine, and three instances of possession of a controlled substance. *Id.* ¶¶ 60, 62, 64–66. Defendant responds that some of his convictions, including those for driving

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

with a suspended license and drug possession, are "non-violent and are indicative of a career addict." Def.'s Reply, ECF 44 at 2.

The Government claims that a reduction in sentence despite Defendant's instant offense and criminal history would upset the § 3553(a) sentencing factors. USA Resp., ECF 43 at 5–7. This Court agrees with the Government. The sentence ordered by Judge Brown was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public from further criminal conduct. Defendant has served less than two years of that 120-month sentence. Accordingly, any change to Defendant's sentence would be inconsistent with § 3553(a).

## B. The Sentencing Commission's Policy Statement

In November 2023, the United States Sentencing Commission amended the sentencing guidelines to apply the existing policy statement to motions filed by defendants. U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13. Accordingly, this Court applies section 1B1.13 to Defendant's motion. *See United States v. Canepa*, No. 1:20-CR-00035-MC, 2023 WL 8600003, at *1 (D. Or. Dec. 12, 2023). That policy statement advises courts to analyze whether a defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Section 3142(g) lists numerous factors for courts to consider, including the (1) nature and circumstances of the offense charged, including whether the offense involved controlled substances or a firearm, (2) weight of the evidence, (3) defendant's history and characteristics, including past conduct, history relating to drug abuse, criminal history, and record concerning appearance at court proceedings, and (4) nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)–(4).

Defendant argues that he "poses no risk to the community he will return to" because he is "[e]ssentially" an "elderly, blind individual."[3] Mot., ECF 42 at 4; *see also* Def.'s Reply, ECF 44 at 2 ("One look at the Defendant or his medical records would convince the most jaded individual that the Defendant could not possibly be a threat to society."). In further support of his lack of dangerousness, Defendant states that the Bureau of Prisons classified him as "minimum security" and placed him in "out custody" in a "facility without fences." Mot. ECF 42 at 4; *see also id.*, Attach. B. The Government responds that the § 3142(g) factors all weigh against release, and, in particular, "the severity of the instant offense, [Defendant's] history of drug abuse, and his well-documented criminal history—which has continued unabated into his 60s—" all show that he "represents a clear and present danger to the safety of others." USA Resp., ECF 43 at 8.

This Court agrees with the Government. First, Defendant's underlying offense conduct was very serious, involving both large amounts of controlled substances and possession of multiple firearms. Second, there is no question about the weight of the evidence—Defendant admitted his criminal conduct to law enforcement during the investigation and this Court during his plea. Third, as outlined with respect to the § 3553(a) sentencing factors, Defendant has a long history of offenses, relating in part to his ongoing struggles with drug abuse. Fourth, these factors combined militate finding that Defendant's release would pose a danger to the community.

As to Defendant's argument that he is an "elderly, blind individual," Defendant has not presented evidence that his medical condition has deteriorated such that he no longer poses a risk

---

[3] Although Defendant included this argument under the heading "Consideration of the Defendant's Personal 3553(a) Factors," this Court considers it appropriate to address it in the context of the Sentencing Commission's policy statement, which poses a defendant's dangerousness as a factor for this Court's consideration.

PAGE 7 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

to the community. Indeed, from the medical records appended to his Motion, it appears that

Defendant suffered from cardiac issues at the time he committed the underlying offense. Mot.,

ECF 42, Attach. A (notes from August 31, 2021 visit to Providence Heart Clinic); *see also* Am.

PSR, ECF 38 ¶ 83a (stating that Defendant's medical records include diagnoses for "essential

hypertension; new onset of congestive heart failure; and chronic obstructive pulmonary disease,

unspecified COPD type"). And though Defendant labels himself as blind, there is no

corroboration of that allegation in the evidence offered. Because Defendant has not shown any

change in his medical condition since the commission of the underlying offense, this Court

cannot conclude that the risk he poses to the community has lessened. In other words,

Defendant's medical complications did not prevent him from committing the underlying offense,

and there is no indication in the record that Defendant would not revert to criminal behavior if

released.

Given the serious nature of the underlying offense conduct, which involved large

amounts of highly addictive drugs and possession of numerous firearms, and Defendant's

decades-long criminal history, this Court concludes that it would be inconsistent with the

Sentencing Commission's policy statement to reduce his sentence at this time.

## CONCLUSION

Defendant has not demonstrated that compassionate release would satisfy the § 3553(a)

sentencing factors, nor comport with the Sentencing Commission's applicable policy statement.

Accordingly, this Court DENIES Defendant's Motion for Compassionate Release, ECF 42.

Although Defendant is not entitled to compassionate release at this time, this Court is

concerned by his allegations that he has been placed on various medications with no monitoring

and that he lacks access to a doctor capable of responding to his medical needs. *See* Mot., ECF

PAGE 8 – OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE

42 at 3 ("Defendant has been given medication without consulting with a specialist or a physician with a background in cardiac issues. FCI Sheridan Camp uses a travelling (or visiting) Oregon[-]based cardiologist that sees inmates at the facility. In nearly two years, the Defendant has not been seen by this, or any other, cardiologist. What the Defendant has received is a litany of medication (between 8-15 different types) without any monitoring of their [effect]."). The Government is ORDERED to contact the Bureau of Prisons to investigate Defendant's allegations and determine whether Defendant has requested and been denied medical care. *See id.*, Attach. C (request for administrative remedy dated August 5, 2023, which notes Defendant's "significant heart issues" and blindness). The Government has fourteen days from the issuance of this Opinion and Order to file a status report with this Court.

**IT IS SO ORDERED.**

DATED this 5th day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge